J-S04037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER BERRIOS, | : | |
| | : | |
| Appellant | : | No. 1093 MDA 2014 |

Appeal from the PCRA Order Entered June 16, 2014,
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0002713-2011

BEFORE:    BOWES, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED APRIL 21, 2015**

Alexander Berrios (Appellant) appeals from the June 16, 2014 order which dismissed his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the background underlying this matter as follows.

> On December 12, 2012, a jury convicted [Appellant] of possession of a controlled substance with intent to deliver and possession of a controlled substance.  On January 14, 2013, [Appellant] was sentenced to serve an aggregate sentence of not less than forty-two (42) months nor more than ten (10) years, with credit for 617 days time served.  [Appellant] was represented by Jacob Gurwitz, Esquire[, (trial counsel)] through pretrial, trial, and sentencing.  No post-sentence motions were filed on [Appellant's] behalf.  No direct appeal was taken.
>
> On July 9, 2013, [Appellant] filed a *pro se* petition under the [PCRA].  On August 14, 2013, [the PCRA court] appointed Lara Glenn Hoffert, Esquire, (PCRA counsel) to represent

*Retired Senior Judge assigned to the Superior Court.

[Appellant] in the disposition of his PCRA proceedings. PCRA counsel was directed to file an amended PCRA petition pursuant to [Pa.R.Crim.P.] 905 detailing [Appellant's] eligibility for relief or to file a "no-merit" letter requesting to withdraw from representation pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*)] and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). On or about November 7, 2013, [Appellant], through counsel, filed an amended petition for relief. An evidentiary hearing was held on [Appellant's] PCRA petition on April 14, 2014.

PCRA Court Opinion, 8/8/2014, at 1-2 (unnecessary capitalization omitted). Following the hearing, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.

Appellant presents one issue for our consideration: "Whether the PCRA [c]ourt erred in denying Appellant's [p]etition for [r]elief … where trial counsel was ineffective for failing to … fully consult with Appellant regarding the filing of an appeal and/or perfect an appeal when requested … to do so … ." Appellant's Brief at 4. In support of this issue, Appellant contends that he asked trial counsel to file an appeal, as evidenced by the testimony he and Lyndsey Leh[1] provided at the PCRA hearing, and that trial counsel failed to do so.[2] Appellant argues that trial counsel did not contradict their

---

[1] Ms. Leh is Appellant's girlfriend, who, along with Moises Rodriguez, paid for Appellant's legal expenses.

[2] To the extent Appellant argues trial counsel was ineffective for failing to consult with Appellant about filing an appeal, Appellant raises this issue for the first time on appeal. Accordingly, it is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Watson*, 835 A.2d 786,

testimony at the hearing; rather, according to Appellant, trial counsel merely "indicated that he did not recall what happened in this case other than that Appellant was unhappy with the result." Appellant's Brief at 10.

Preliminarily, we note that when reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

In reviewing the PCRA court's denial of Appellant's claims of ineffective assistance of counsel, we bear in mind that counsel is presumed to be effective. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant bears the burden of proving the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Id.* Appellant's claim will be denied if he fails to meet any one of these three prongs. *Id.*

_____

791 (Pa. Super. 2003) ("[A] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order.").

"Article V, Section 9 of the Pennsylvania Constitution guarantees a direct appeal as of right." *Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999). "It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights." *Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa. Super. 2011). "[W]here there is an 'unjustified failure to file a requested direct appeal,' counsel is *per se* ineffective as the defendant [i]s left with the functional equivalent of no counsel." *Id.* at 715 (quoting *Lantzy*, 736 A.2d at 572). "The petitioner has the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request." *Commonwealth v. Maynard*, 900 A.2d 395, 398 (Pa. Super. 2006).

At the PCRA hearing, Appellant and Ms. Leh testified at length as to their purported requests for trial counsel to file an appeal and other discussions related thereto. N.T., 4/14/2014, at 5-7, 9-10, 12-15, 17, 20-25, 27. In contrast, trial counsel both denied that he was asked to file an appeal and stated that he did not recall that Appellant or Ms. Leh requested that he file an appeal on Appellant's behalf. *Id.* at 29, 33-36, 38. Moreover, trial counsel testified to his practice as it pertains to handling appeal requests and client communication, including, *inter alia*, reviewing appellate rights, taking notes, speaking with family members, following up

- 4 -

on the requests, receiving messages through voicemail or his firm's secretary, returning calls, using an Outlook program for scheduling purposes, and including clients on distribution lists. *Id.* 30-34, 36-41.

The PCRA court concluded that no timely request to file an appeal was made. PCRA Court Opinion, 6/16/2014, at 7. In this regard, the PCRA court found trial counsel's testimony to be credible and rejected as not credible Appellant's and Ms. Leh's testimony to the extent that it was inconsistent and directly contradicted trial counsel's testimony. *Id.* at 6. The PCRA observed that, based on trial counsel's testimony regarding "his orderly methods of practice and his fixed, routine note-taking," the PCRA court "believed that had [trial counsel] been asked to file a direct appeal, then he would have moved forward with such a request." *Id.* at 6-7.

The record supports the PCRA court's findings, and this Court is bound by the PCRA court's credibility determinations. ***Commonwealth v. Hutchinson***, 25 A.3d 277, 284 (Pa. 2011) ("The PCRA court's credibility determinations are binding on this Court when they are supported by the record."). Therefore, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2015